UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO.: _____

ROBIN DUNCAN,

    Plaintiff,
v.

NORTH BROWARD HOSPITAL
DISTRICT dba BROWARD HEALTH

    Defendants,
_____/

## COMPLAINT

Plaintiff ROBIN DUNCAN ("Plaintiff" or "Duncan") sues defendant NORTH BROWARD HOSPITAL DISTRICT dba BROWARD HEALTH ("Defendant"), and alleges:

### NATURE OF THE ACTION

1. This is an action by Plaintiff under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII"); the Americans with Disabilities Act ("ADA"); the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq*. (the "FMLA"); and the Florida Civil Rights Act of 1992, Fla. Stat. § 760 *et seq*. ("FCRA"), to redress injury done to her by Defendant's discriminatory, harassing, and retaliatory treatment on the basis of race and disability.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this action under 42 U.S.C. § 2000e *et seq*., and 28 U.S.C. §§ 1331, 1343(3) and (4) and 1367(a).

1

3. Venue is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1391, because Defendant resides in this district, having its principal place of business within this district; also, because Defendant is subject to the Court's personal jurisdiction with respect to the civil action at bar and because all or a substantial part of the events or omissions giving rise to this cause of action took place in this judicial district.

4. Plaintiff also invokes the supplemental jurisdiction of this Court to hear and decide claims arising under the laws of the State of Florida that are so related to claims in the action within the original jurisdiction of this district Court that they form part of the same case or controversy under Article III of the United States Constitution. Specifically, Plaintiff is bringing claims under the FCRA.

**PARTIES**

5. Plaintiff is a resident of Broward County, Florida, who was employed by Defendant and, as a black woman, who was disabled or perceived to be disabled is a member of certain protected classes of persons.

6. At all times material to this Complaint, Plaintiff was an "employee" and "aggrieved person" as defined by 42 U.S.C. § 2000e(f); 42 U.S.C. § 12111(4); and Fla. Stat. § 760.02(10). Plaintiff specifically incorporates the definitions of "employee" and "aggrieved person."

7. Defendant NORTH BROWARD HOSPITAL DISTRICT dba BROWARD HEALTH is a Florida not for profit corporation authorized to conduct business in the State of Florida, in Broward County, and within the jurisdiction of this Court.

8. At all times material, Defendant was an "employer" as defined by 42 USCS § 12111(5); 42 USC § 2000e(a) and (b); 42 U.S.C. § 12111(4); and Fla. Stat. § 760.02(7). Plaintiff

specifically incorporates the definition of "employer."

9. At all times material, Defendant employed fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

## PROCEDURAL REQUIREMENTS

10. All conditions precedent to bringing this action have been fulfilled. Plaintiff dual-filed Charges of Discrimination with the EEOC, and with the Florida Commission on Human Relations within 300 days of the alleged violation. To date, over six (6) months have passed since the filing of the complaints. On or about November 3, 2022, the U.S. Equal Employment Opportunity Commission issued to Plaintiff a Dismissal and Notice of Rights with respect to such charge of discrimination. *See* composite Exhibit "A."

## STATEMENT OF FACTS

11. Plaintiff was employed for Defendant as a real estate manager from December 18, 2018, until her wrongful termination on February 18, 2022.

12. As a real estate manager, Plaintiff was the face of Defendant's real estate department and offered exceptional service, positive connectivity with tenants, landlords, and vendors.

13. Moreover, there was a period between June 2019-May 2020, where she managed the entire real estate department on her own, with minimal supervision and support, while adding continuous value to the organization.

14. Plaintiff held this two-man position, with no raise and/or complaints and still provided exceptional customer service.

15. During her employment with Defendant Plaintiff worked diligently and excelled in her work responsibilities.

16. When she began working with Defendant Plaintiff was treated as a valuable member of the team, however that began to change when Melinda Grave Defendant's Director of Real Estate, a Caucasian woman, was hired around February 2021.

17. Since she was hired, Ms. Graves treated Plaintiff differently than her co-worker Gerardo Arguello, a white-Hispanic.

18. Ms. Grave constantly made demeaning, inappropriate, and unprofessional comments to Plaintiff.

19. Conversely, she told Mr. Arguello that she would advocate for a raise, a promotion in the future as a project manager and tuition assistance.

20. This treatment occurred even though Plaintiff was the first point of contact for the Real Estate department when it came to any request made by third party tenants for their complaints, concerns, lease and maintenance request, for corporate facilities regarding any property manager/ landlord concerning any maintenance issues with Broward Health Physician Group ("BHPG") leased properties, and most if not all landlord/ property managers contacted Plaintiff first for any accounting and or lease concerns.

21. The only maintenance request Mr. Arguello completed was when Plaintiff was unable to connect to the system due to connectivity issues.

22. This preferential treatment was further manifested in Plaintiff's annual performance review that was filled with inaccuracies and false statements.

23. When Plaintiff had her review conference call, she discovered that Ms. Graves included human resources, which was not done with any other employees.

24. Plaintiff provided a rebuttal to the review and after that she was subject to isolation and retaliation within the department.

25. Further, Plaintiff was notified by another co-worker that she should look for another job, because Ms. Graves had something against her.

26. On, or about, October 21, 2021, Plaintiff began experiencing an accelerated heart rate and elevated blood pressure, and went to see her doctor.

27. The doctor placed Plaintiff on eight weeks leave, which she received FMLA for.

28. Plaintiff's leave was subsequently extended two more times until March 11, 2022.

29. Even though she was not cleared to return to work, Plaintiff was terminated on February 18, 2022, while still on leave.

## COUNT I:
## VIOLATION OF THE ADA – DISABILITY DISCRIMINATION

30. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-29 above as if set out in full herein.

31. In October 2021, Plaintiff experienced an accelerated heart rate and elevated blood pressure.

32. Following a visit to her doctor Plaintiff was placed on eight weeks FMLA leave.

33. Plaintiff's condition qualifies as a disability or was regarded as a disability by Defendant, within the meaning of the ADA.

34. Defendant was aware of Plaintiff's medical condition, including the specific circumstances surrounding the treatment of her condition.

35. At all times during her employment, Plaintiff was qualified to perform the essential functions of her position with or without reasonable accommodations.

36. Defendant intentionally engaged in unlawful employment practices and discrimination in violation of the ADA by treating Plaintiff differently than similarly situated employees in the terms and conditions of her employment.

37. Defendant discriminated against Plaintiff because of her disabilities, in violation of the ADA. Alternatively, Plaintiff's disability was a motivating factor in the Defendant's decision to discriminate against Plaintiff.

38. Any alleged nondiscriminatory reason for the termination of Plaintiff's employment asserted by Defendant is a mere pretext for the actual reasons for the termination from employment, Plaintiff's disability.

39. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to disability. The discrimination on the basis of disability constitutes unlawful discrimination.

40. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

**WHEREFORE**, Plaintiff ROBIN DUNCAN respectfully requests that this court order the following:

a) Enter judgment in Plaintiff's favor and against Defendant for its violations of the ADA;

b) Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

    c) Award Plaintiff compensatory damages under the ADA for embarrassment, anxiety, humiliation, and emotional distress Plaintiff has suffered and continues to suffer;

    d) Award Plaintiff prejudgment interest on her damages award;

    e) Award Plaintiff reasonable costs and attorney's fees; and

    f) Grant Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT II:
## VIOLATION OF THE FCRA – DISABILITY DISCRIMINATION

41. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-29 above as if set out in full herein.

42. Defendant's treatment of Plaintiff as described above is based on Plaintiff's disabilities or Defendant's perception of the same. Alternatively, Plaintiff's disability was a motivating factor in the Defendant's decision to discriminate against Plaintiff.

43. Defendant did not treat similarly situated, non-disabled individuals in the same manner.

44. Defendant thereby discriminated against Plaintiff in the terms, conditions, and benefits of her employment in violation of the FCRA.

45. Plaintiff has been subjected to disparate treatment because of her disability or handicap in violation of the FCRA, and because of such actions by Defendant she has suffered both irreparable injury and compensable damage unless and until this Court grants relief.

46. Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to the FCRA.

47. As a direct and proximate result of the above-described actions of Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

**WHEREFORE**, Plaintiff ROBIN DUNCAN respectfully requests that this court order the following:

a) Issue a declaration that the acts and practices of Defendant complained of in this Complaint are in violation of the FCRA;

b) Award injunctive relief ordered by the Court enjoining and permanently restraining these violations of the FCRA by Defendant;

c) Award actual damages suffered, including lost wages, loss of fringe benefits and damages;

d) Award compensatory damages for past, present, and future mental anguish, pain and suffering, and humiliation caused by Defendant's intentional discrimination, according to proof;

## COUNT III:
## VIOLATION OF TITLE VII: DISCRIMINATION BASED ON RACE

48. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-29 above as if set out in full herein.

49. Plaintiff is a member of a protected class of black citizens.

50. At all times material hereto, Defendant failed to comply with Title VII [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to: (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any

individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

51. Plaintiff's supervisor Melinda Graves, a Caucasian woman, treated Plaintiff differently than her non-black coworkers in the same position.

52. Specifically, she was subjected to demeaning, inappropriate, and unprofessional comments, which was in direct contrast to the treatment of her white-Hispanic co-worker.

53. Plaintiff received an annual performance review that was filled with inaccuracies and false statements.

54. Plaintiff's review conference call of the performance review was handled differently than that of other non-black employees.

55. Further, Plaintiff was subject to isolation and retaliation within her department.

56. Plaintiff was terminated on or about February 18, 2022.

57. The Defendant's decision to discriminate against, and ultimately terminate Plaintiff was because of Plaintiff's race. Alternatively, Plaintiff's race was a motivating factor in the Defendant's decision to discriminate against Plaintiff.

58. Plaintiff was qualified for the position she held with Defendant.

59. The Defendant is a sophisticated employer that has actual knowledge of the requirements of Title VII.

60. The failure of the Defendant to adhere to the mandates of Title VII was willful and its violations of the provisions of Title VII were willful.

61. The Defendant, through its employment practices, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of her race in violation of Title VII with respect to its decision to treat Plaintiff differently from other employees.

62. Plaintiff's treatment by the Defendant and Plaintiff's termination from her employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of her race. Alternatively, Plaintiff's race was a motivating factor that made the Defendant treat Plaintiff disparately and terminate her.

63. Any alleged nondiscriminatory reason for the termination of Plaintiff's employment asserted by the Defendant is a mere pretext for the actual reason for the termination from employment – Plaintiff's race.

64. Discrimination on the basis of race constitutes unlawful discrimination.

65. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

**WHEREFORE**, Plaintiff ROBIN DUNCAN respectfully requests that this court order the following:

a) Enter judgment in Plaintiff's favor and against the Defendant for its violations of Title VII;

b) Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

    c) Award Plaintiff compensatory damages under Title VII for embarrassment, anxiety, humiliation, and emotional distress Plaintiff has suffered and continues to suffer;

    d) Award Plaintiff prejudgment interest on her damages award;

    e) Award Plaintiff reasonable costs and attorney's fees; and

    f) Grant Plaintiff such other and further relief, as this Court deems equitable and just.

### COUNT IV:
### VIOLATION OF THE FCRA: DISCRIMINATION BASED ON RACE

66. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-29 and above as if set out in full herein.

67. At all times material hereto, the Defendant failed to comply with the FCRA [Florida Statutes Section 760.10] which states,

> "*It is an unlawful employment practice for an employer: To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race*, color, *religion, sex, national origin, age, handicap, or marital status.*"

68. Plaintiff is a member of a protected class of black citizens.

69. The Defendant's decision to discriminate against Plaintiff was because of her race. Alternatively, Plaintiff's race was a motivating factor that caused the Defendant to discriminate against Plaintiff.

70. At all relevant times aforementioned, including the time of discrimination, the Defendant was aware that Plaintiff was black.

71. Plaintiff was qualified for the position that she held at the Defendant.

72. Plaintiff was discriminated against by Defendant because she was black.

73. The Defendant is a sophisticated employer who has actual knowledge of the requirements of the FCRA.

74. The failure of the Defendant to adhere to the mandates of the FCRA was willful and its violations of the provisions of the FCRA were willful.

75. The Defendant, through its employment practices, willfully, and with malicious or reckless disregard of Plaintiff's State protected rights, discriminated against Plaintiff because of her race in violation of the FCRA with respect to its decision to treat Plaintiff differently from other employees.

76. The Defendant wrongfully terminated Plaintiff and Plaintiff's termination from employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of Plaintiff's race.

77. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental anguish, humiliation, and pain and suffering.

78. Any alleged nondiscriminatory reason for the termination of Plaintiff's employment asserted by the Defendant is a mere pretext for the actual reasons for the termination from employment – Plaintiff's race.

79. Discrimination on the basis of race constitutes unlawful discrimination in violation of the FCRA.

      **WHEREFORE**, Plaintiff ROBIN DUNCAN respectfully requests that this court order the following:

      a) Enter judgment in Plaintiff's favor and against the Defendant for its violations of the FCRA;

    b) Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

    c) Award Plaintiff compensatory damages under the FCRA for embarrassment, anxiety, humiliation, and emotional distress Plaintiff has suffered and continues to suffer;

    d) Award Plaintiff prejudgment interest on her damages award;

    e) Award Plaintiff reasonable costs and attorney's fees; and

    f) Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## COUNT V:
## INTERFERENCE WITH FMLA RIGHTS - TERMINATION

80. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-29 above as if set out in full herein.

81. The FMLA provides that, "[i]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under [the ACT]." 29 U.S.C § 2615(a)(1).

82. In October 2021, Plaintiff was diagnosed with an accelerated heart rate and elevated blood pressure.

83. Accordingly, Plaintiff was subsequently placed on an eight-week FMLA Leave that was extended until March 11, 2022.

84. At all times material, Plaintiff gave proper notice to Defendant of her need for leave.

85. Plaintiff notified Defendant that she had in fact been granted FMLA leave due to her health concerns.

86. Plaintiff met all requirement, including proper notice, to take FMLA leave.

87. Despite its knowledge of Plaintiff's approved FMLA leave, the Defendant terminated Plaintiff instead of affording her the opportunity to use the approved FMLA leave.

88. When Defendant fired Plaintiff, it interfered with Plaintiff's rights under the FMLA.

89. As a result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff ROBIN DUNCAN respectfully requests that this Court order the following:

a) Enter judgment in Plaintiff's favor and against Defendant for its violations of the FMLA;

b) Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, lost future earnings capacity;

c) Award Plaintiff compensatory damages under the FMLA for embarrassment, anxiety, humiliation, and emotional distress Plaintiff has and continues to suffer;

d) Award Plaintiff liquidated damages;

e) Award Plaintiff prejudgment interest on her damages award;

f) Award Plaintiff reasonable costs and attorney's fees; and

g) Grant Plaintiff such other and further relief as this court deems equitable and just.

## COUNT VI:
## VIOLATION OF THE FMLA RETALIATION

90. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-29 above as if set out in full herein.

91. The FMLA prohibits an employer from taking adverse employment action against any employee because he or she engaged in conduct protected by the FMLA. *See* 29 U.S.C § 2615(a)(2).

92. Following Plaintiff's approval and during her subsequent FMLA leave beginning in October 2021, she was terminated.

93. Plaintiff met all requirement, including proper notice, to take FMLA leave.

94. Defendant terminated Plaintiff because she exercised her rights under the FMLA, as described above. Specifically, Plaintiff took FMLA leave because of her accelerated heart rate and elevated blood pressure.

95. Defendant has intentionally engaged in an unlawful employment practice in violation of the FMLA, by retaliating against Plaintiff for having requested and taken leave.

96. Plaintiff's request for medical leave pursuant to the FMLA was a direct and proximate cause of her termination.

97. As a direct and proximate result of the intentional violations by Defendant of Plaintiff's rights under the FMLA, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff ROBIN DUNCAN respectfully requests that this Court order the following:

a) Enter judgment in Plaintiff's favor and against Defendant for its violations of the FMLA;

b) Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, lost future earnings capacity;

c) Award Plaintiff compensatory damages under the FMLA for embarrassment, anxiety, humiliation, and emotional distress Plaintiff has and continues to suffer;

d) Award Plaintiff liquidated damages;

e) Award Plaintiff prejudgment interest on her damages award;

f) Award Plaintiff reasonable costs and attorney's fees; and

g) Grant Plaintiff such other and further relief as this court deems equitable and just.

## **JURY TRIAL DEMAND**

Plaintiff demands a trial by jury of all issues so triable.

Dated: December 8, 2022.

                                           Respectfully submitted,

                                           **s/Brandon J. Gibson**
                                           Brandon J. Gibson
                                           Florida Bar No.: 0099411
                                           E-mail : bgibson@rtrlaw.com
                                           REIFKIND, THOMPSON, & RUDZINSKI, LLP
                                           3333 W. Commercial Blvd., Suite 200
                                           Fort Lauderdale, FL 33309
                                           Telephone : (954) 370-5152
                                           Fax : (954) 370-1992

                                           *Counsel for Plaintiff(s)*