UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-62298-BLOOM/VALLE

ROBIN DUNCAN,

    Plaintiff,

v.

NORTH BROWARD HOSPITAL
DISTRICT *d/b/a* BROWARD
HEALTH,

    Defendant.
_____/

## REPORT AND RECOMMENDATION TO DISTRICT JUDGE

THIS MATTER is before the Court upon Defendant North Broward Hospital District's Motion for Bill of Costs (ECF No. 62) (the "Motion"). United States District Judge Beth Bloom has referred the Motion to the undersigned for a Report and Recommendation. (ECF No. 68). Accordingly, having reviewed the Motion, the Response (ECF No. 65), and Reply (ECF No. 67), and being otherwise duly advised in the matter, the undersigned respectfully recommends that the Motion be **GRANTED**.

### I.    BACKGROUND AND PROCEDURAL HISTORY

On December 8, 2022, Plaintiff Robin Duncan ("Plaintiff") filed a Complaint against her former employer, North Broward Hospital District ("Defendant"), under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (the "ADA") and the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA") alleging discrimination based on race and disability, and retaliation. *See generally* (ECF No. 1). Plaintiff sought liquidated, compensatory, and actual damages. *Id.* On March 6, 2024, the Court granted Defendant's motion for summary judgment. (ECF No. 61). On April 5, 2024, Defendant filed the instant Motion. (ECF No. 62). On April 24, 2024, Plaintiff filed a Response

in Opposition to the Motion. (ECF No. 65). On April 25, 2024, the Court entered a Final Judgment in favor of Defendant and against Plaintiff. (ECF No. 66). The Motion is now ripe for adjudication.

## II.  LEGAL STANDARD

### A. *Entitlement to Fees and Costs Generally*

Under the "American Rule," each party must pay its own attorneys' fees unless a statute or contract provides otherwise. *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 253 (2010) (citations omitted); *In re Martinez*, 416 F.3d 1286, 1288 (11th Cir. 2005) (prevailing litigants are generally not entitled to an award of attorney's fees unless provided by statute or contract). Relevant to the instant case are 42 U.S.C. § 12205 (governing ADA actions) and 29 U.S.C. § 2601 (governing FMLA actions). Both statutes give the court discretion to award the prevailing party (other than the United States) reasonable attorney's fees, including litigation expenses and costs. 42 U.S.C. § 12205, 29 U.S.C § 2617(a)(3). Here, because the District Court granted Defendant's Motion for Summary Judgment and subsequently entered a Final Judgment in its favor, Defendant is the prevailing party. (ECF Nos. 61, 66); *Head v. Medford*, 62 F.3d 351, 355 (11th Cir. 1995) (a defendant who obtains summary judgment in its favor is the prevailing party); *Billings v. Cape Cod Child Dev. Program, Inc.*, 270 F. Supp. 2d 175, 178 (D. Mass. 2003) (awarding costs to prevailing defendant under FMLA).

### B.  *Costs under Federal Rule of Civil Procedure 54*

Under Federal Rule of Civil Procedure 54, unless a federal statute, the federal rules, or a court order provides otherwise, costs—other than attorneys' fees—should be allowed to the prevailing party. Fed. R. Civ. P. 54. Thus, for purposes of Rule 54(d), a prevailing defendant is entitled to its costs unless the District Court has some special reason to deny the costs. *See, e.g.*, *Quinto v. Universal Parking of Fla., LLC*, No. 15-CV-21055, 2016 WL 8740232, at *2 (S.D. Fla. June 10, 2016), *report and recommendation adopted*, 2016 WL 8739322 (S.D. Fla. June 30, 2016) ("The presumption in favor of awarding costs to the prevailing party is difficult to overcome, and the district court's

discretion is narrowly confined—the court must award costs unless it states good reasons for denying them."); *see also U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000) ("Prevailing parties are entitled to receive costs under [Rule] 54(d).").

Moreover, although the Court has the discretion to award those costs specifically enumerated in 28 U.S.C. § 1920, the Court may not tax as costs items not authorized by the statute. *See, e.g., Crawford Fitting Co. v. J. T. Gibbons, Inc.,* 482 U.S. 437, 445 (1987); *W&O, Inc.*, 213 F.3d at 620 (citing *Crawford Fitting,* 482 U.S. at 445). The items that may be taxed as costs under § 1920 include: (i) fees of the Clerk and Marshal; (ii) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (iii) fees and disbursements for printing and witnesses; and (iv) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case. 28 U.S.C. § 1920(1)-(4). Lastly, although the Court has discretion in determining whether to award costs to a prevailing party, the Court must give a reason for denying costs. *Head*, 62 F.3d at 354.

Here, Defendant seeks $4,466.40[1] in taxable costs for fees of the Clerk and Marshal ($555); fees for printed or electronically recorded transcripts ($3,820.40);[2] fees for witnesses ($40); and fees for copies necessarily obtained for use in the case ($51). (ECF Nos. 62, 67 at 1). Plaintiff opposes the award of taxable costs, arguing that: (i) the deposition costs were incurred for convenience and included miscellaneous untaxable costs; (ii) the copy costs were not obtained for use in the case as they were not used in Defendant's motion for summary judgment; and (iii) service costs exceed the

---

[1] Although Defendant initially requested $4,618.25 in total costs, it later conceded that the amount should be reduced to $4,466.40. *Compare* (ECF No. 62-2 at 7)*, with* (ECF No. 67 at 1, 4).

[2] Defendant initially requested $3,972.25 for printed or electronically recorded transcripts, but later conceded that "$151.85 associated with copies of exhibits for Plaintiff and Gerardo Arguello's deposition are not taxable." *Compare* (ECF No. 62 at 1)*, with* (ECF No. 67 at 1). Accordingly, the amount requested for printed or electronically recorded transcripts is reduced by that amount.

$65 statutory limit. *See generally* (ECF No. 65). The Court considers the claimed costs to determine whether they are recoverable.

### 1. Fees of the Clerk and Marshal

Defendant seeks $555 for service of subpoenas to five individuals: (i) Dr. Edwina Bell ($65); (ii) Rochelle Boyd, N.P. ($65); (iii) Todd Glassman M.D. ($140),[3] (iv) Owen Peller M.D. ($220);[4] and (v) Gerado Arguello ($65)[5]. (ECF No. 62-2 at 6); *see also* (ECF No. 62-1 at 7-19) (invoices for service of process on several witnesses). Plaintiff challenges the costs of serving all individuals except Mr. Arguello. (ECF No. 65 at 7). Plaintiff further argues that even assuming that these costs were necessary, they should be limited to the $65 statutory rate. *Id.*

In relevant part, 28 U.S.C. § 1920(1) permits the court to award fees for private service of process, so long as these costs do not exceed the fees permitted by statute. *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1332-33 (S.D. Fla. 2009); *see also Guerra v. Ameri-Clean Pumping, Inc.*, No. 18-CV-22998, 2019 WL 1859243, at *4 (S.D. Fla. Apr. 25, 2019) (awarding costs for service of process). The Court is also guided by the statutory limit set forth in 28 C.F.R. § 0.114, which provides that fees charged by the United States Marshals Service for personal service of process are $65 per hour. *See also Monelus*, 609 F. Supp. 2d at 1333.

Here, Defendant explains that the individuals were health care providers who treated Plaintiff during the relevant period.[6] (ECF No. 62-2 at 6). First, the service fees for Dr. Bell and N.P. Boyd

---

[3] The invoices reveal four different service attempts on Dr. Glassman, with one attempt for $65 and three for $25 each. (ECF Nos. 62-1 at 9, 11, 62-2 at 6).

[4] Defendant served Dr. Peller at three different addresses (at $65 each), with a fourth attempt at a reduced $25 at the same address. (ECF Nos. 62-1 at 10, 12, 62-2 at 6).

[5] Although the invoices include fees for rush service on Mr. Arguello, Defendant does not seek reimbursement for these amounts. *Compare* (ECF No. 62-1 at 19), *with* (ECF No. 62-2 at 7). Rather, Defendant's request for Mr. Arguello is limited to fees for statewide service ($65) and a witness fee ($40). (ECF No. 62-2 at 7).

[6] Dr. Bell was Plaintiff's therapist, N.P. Boyd was Plaintiff's psychiatrist, Dr. Glassman was Plaintiff's primary care physician, and Dr. Peller was Plaintiff's cardiologist. (ECF No. 62-2 at 6).

are within the $65 statutory limit and should be recoverable. (ECF Nos. 61-1 at 7, 62-1 at 6). Next, although the service fees for Drs. Glassman and Peller exceed the statutory limit, Defendant explains that it had to serve these individuals at multiple addresses because the address provided by Plaintiff was invalid. (ECE Nos. 62-2 at 6-7, 67 at 3). Thus, accepting Defendant's explanation for its multiple service attempts on these two doctors, the undersigned finds that the total cost of service to Drs. Glassman and Peller ($140 and $195, respectively) is reasonable and recoverable.

Lastly, the cost of service for Mr. Arguello ($65) is recoverable. According to Defendant, Mr. Arguello: (i) is an alleged comparator in the case; (ii) was no longer employed by Defendant at the time of his deposition; and (iii) gave testimony that was necessarily obtained in the case as evidenced by the Court's reference to Mr. Arguello throughout the Order granting summary judgment. *See generally* (ECF No. 61); *see also* (ECF No. 62-1 at 7).

Accordingly, Defendant should recover all costs for service of process (i.e., $555).

2. *Fees for Printed or Electronically Recorded Transcripts Necessarily Obtained for Use in the Case*

Defendant seeks $3,820.40[7] in costs for deposition and hearing transcripts for four individuals that it argues were necessarily obtained for use in the case: (i) Plaintiff; (ii) comparator Mr. Arguello; (iii) fact witness and former supervisor Melinda Graves; and (iv) fact witness and former supervisor David Clark.[8] (ECF. Nos. 62 at 1, 62-2 at 3-4).

---

[7] As noted above, Defendant initially requested $3,972.25 for printed or electronically recorded transcripts, but later conceded that "$151.85 associated with copies of exhibits for Plaintiff and Gerardo Arguello's deposition are not taxable." *Compare* (ECF No. 62 at 1), *with* (ECF No. 67 at 1). Accordingly, the amount requested for printed or electronically recorded transcripts is reduced by $151.85.

[8] Although reflected in the invoices, Defendant does not seek extraneous costs for condensed transcripts, handling/proceeding fee, or litigation technology fees. (ECF No. 62-2 at 5 n. 2); *see also* (ECF No. 62-1 at 1-6).

5

Taxation of deposition costs is authorized by § 1920(2) and are generally permitted if they were necessarily obtained for use in the case. *See W&O*, 213 F.3d at 620; *McDaniel v. Bradshaw*, No. 10-CV-81082, 2011 WL 6372788, at *2 (S.D. Fla. Dec. 20, 2011) ("in determining whether the cost of a particular deposition is taxable, 'the district court must evaluate the facts of each case and determine whether all or any part of a copy of any or all of the depositions was necessarily obtained for use in the case.'") (citations and quotations omitted). In determining the necessity of a deposition, the deposition must only appear to have been reasonably necessary at the time it was taken. *See W&O*, 213 F.3d at 620-21. "A district judge has great latitude in determining whether a deposition was 'necessarily obtained for use in the case' or was obtained merely for the convenience of the attorneys." *McDaniel*, 2011 WL 6372788, at *2. Moreover, under § 1920(2), the cost of transcripts and the attendance fee of the court reporter are also recoverable. *See Whittier v. City of Sunrise*, No. 07-CV-60476, 2008 WL 5765868, at *5 (S.D. Fla. Dec. 3, 2008) (awarding reimbursement of transcript and stenographer's attendance fee). Lastly, Plaintiff, as the non-prevailing party, has the burden to demonstrate that a cost is not taxable, "unless the knowledge regarding the proposed cost lies within the exclusive knowledge of the prevailing party." *Buccellati Holding Italia SPA v. Laura Buccellati LLC*, No. 13-CV-21297, 2015 WL 11202358, at *6 (S.D. Fla. Mar. 10, 2015).

In support of its request for the cost of deposition transcripts, Defendant summarizes each witnesses' role in the litigation and the relevance of the testimony. *See* (ECF No. 62-2). For example, Defendant asserts that Plaintiff's deposition was critical for the case, trial preparation, and for arguments on summary judgment. (ECF No. 62-2 at 3). Similarly, the testimony of Mr. Arguello, as the only alleged comparator and witness with knowledge of Plaintiff's claims was necessarily obtained for use in the case. *Id.* at 4. Further, Mr. Arguello's deposition is referenced numerous times in the Court's Order granting Defendant's Motion for Summary Judgment. *Id.* As well,

6

Melinda Graves and David Clark were two of Plaintiff's former supervisors and decisionmakers, whom Plaintiff identified as witnesses in her interrogatories. *Id.*

Against this backdrop, the undersigned finds that the deposition transcripts of the four witnesses were necessarily obtained for use in the case. *See, e.g., W&O*, 213 F.3d at 621 (upholding taxing of deposition costs). Accordingly, Defendant should recover all costs for deposition transcripts (i.e., $3,820.40).

3. *Fees for Witnesses*

Defendant requests $40 in witness fees for comparator Mr. Arguello. (ECF No. 62-2 at 7). Relatedly, 28 U.S.C. § 1920(3) permits an award of witness fees as costs. *Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460, 463 (11th Cir. 1996). Plaintiffs do not challenge this fee. *See generally* (ECF No. 65).

A witness who appears before a federal court or before any person authorized to take a deposition is entitled to fees and allowances, including an attendance fee of $40 per day for each day's attendance. *Morrison*, 97 F.3d at 463 (citing 28 U.S.C. § 1821, which generally governs per diem attendance fee and mileage). Accordingly, based on a review of the record, the evidence that Mr. Arguello was a comparator whose testimony was necessarily obtained for use in the case, and the per diem statutory limit, the undersigned finds that Defendant should recover the witness fee for Mr. Arguello (i.e., $40).

4. *Fees for Exemplification and the Costs of Making Copies of Any Materials Where the Copies are Necessarily Obtained for Use in the Case*

Lastly, Defendant seeks reimbursement for copying charges ($51) associated with receiving medical records from Associates MD, the medical practice for Drs. Peller and Glassman. (ECF No. 62-1 at 1, 14-17, 62-2 at 7). Plaintiff argues that these documents were not used in Defendant's motion for summary judgment and that Defendant has not established the nature of the documents or how they were necessary for the case. (ECF No. 65 at 6).

"Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case" are recoverable under 28 U.S.C. § 1920(4). The prevailing party cannot make unsubstantiated claims that copies of documents were necessary. *See Quality of Life, Corp. v. City of Margate*, No. 17-CV-61894, 2020 WL 8812832, at *10 (S.D. Fla. Dec. 9, 2020), *report and recommendation adopted*, 2021 WL 612321 (S.D. Fla. Feb. 17, 2021) (citation omitted); *Arnold v. Heritage Enters. of St. Lucie, LLC*, No. 13-CV-14447, 2017 WL 8794776, at *3 (S.D. Fla. Sept. 21, 2017), *report and recommendation adopted*, 2018 WL 1795446 (S.D. Fla. Jan. 11, 2018) (amount claimed for exemplification and copies reduced for failing to demonstrate copies were necessary). Rather, the party moving for taxation of costs must present evidence "regarding the documents copied including their use or intended use." *Cullens v. Georgia Dept. of Trans.*, 29 F.3d 1489, 1494 (11th Cir. 1994); *Monelus*, 609 F. Supp. 2d at 1335. The prevailing party bears the burden of submitting a request for expenses that enables the Court to determine what expenses were incurred and whether the party is entitled to them. *Compare Monelus*, 609 F. Supp. 2d at 1335-36 (recommending an award for copying costs where defendant provided detail and explanation for the copies made), *with Lee v. Am. Eagle Airlines, Inc.*, 93 F. Supp. 2d 1322, 1335-36 (S.D. Fla. 2000) (denying copying charges where the court had no way of knowing whether the photocopying rates were reasonable or even whether they were related to the action).

In support of its request, Defendant asserts that Plaintiff's medical records were "critical for evaluating Plaintiff's claim of alleged disability and for evaluation of her emotional distress damages." (ECF No. 67 at 2). Defendant further argues that Plaintiff's medical records would have been introduced at trial and were, therefore, not merely for Defendant's convenience. *Id.* Based upon the alleged claims and defenses and Defendant's explanation for obtaining the copies, the undersigned finds that the medical records from Associates MD were necessarily obtained for use in the case and are fully recoverable (i.e., $51).

In sum, Defendant should recover $4,466.40 in taxable costs for: (i) fees of the Clerk and Marshal ($555); (ii) fees for printed or electronically recorded transcripts ($3,820.40); (iii) witness fees for Mr. Arguello ($40); and (iv) fees for copies necessarily obtained from Associates MD for use in the case ($51).

### V.     RECOMMENDATION

For the foregoing reasons, the undersigned respectfully **RECOMMENDS** that Defendant's Motion for Bill of Costs (ECF No. 62) be **GRANTED**. Pursuant to Rule 54(d), Defendant should be awarded **$4,466.40** in taxable costs.[9]

Within **14 days** after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this District. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2023); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on July 26, 2024.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc:  U.S. District Judge Beth Bloom
     All Counsel of Record

---

[9] The requested costs are reduced by $151.85, as conceded by Defendant. (ECF No. 67 at 1).